IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EMANUEL JAMES CRAIG, :

    Petitioner, :

vs. : CIVIL ACTION 10-0705-WS-M

CHERYL PRICE, :

    Respondent. :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2254 Cases. Petitioner has filed a Motion to Dismiss Unexhausted Claims and to Hold Petition in Abeyance (Doc. 20). It is recommended that Craig's Motion be denied and that this action be dismissed, without prejudice, so that Petitioner may pursue available state court remedies.

Petitioner was convicted of failure to register as a sex offender in the Circuit Court of Mobile County on October 2, 2008 for which he received a sentence of fifteen years in the state penitentiary, split to 90 days served to be followed by three years of probation (*see* Doc. 12, p. 3). Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254, with this Court

on December 16, 2010, raising several claims which challenge that conviction and sentence (Docs. 1, 4).

In his Motion, Petitioner states that he has issues raised in this petition which have not been exhausted in the State Courts, so he is seeking stay of this action so that he can pursue his state remedies (Doc. 20). It does not appear to the Court that Craig has any actions currently pending in the State Courts (*see* Doc. 4).

The Eleventh Circuit Court of Appeals has stated that "[a] federal court will not grant habeas corpus relief to a person held in custody pursuant to a state court judgment unless it appears that the applicant has exhausted remedies available to him in the state courts." *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982) (*citing Bufalino v. Reno*, 613 F.2d 568, 670 (5th Cir. 1980); 28 U.S.C. § 2254(b) (1976)). However, the U.S. Supreme Court, in *Rhines v. Weber*, 544 U.S. 269 (2005), held that a district court has discretion to stay a mixed § 2254 petition so that the petitioner may exhaust his State court remedies. However, *Rhines* held the following:

> [S]tay and abeyance should be available only
> in limited circumstances. Because granting
> a stay effectively excuses a petitioner's
> failure to present his claims first to the
> state courts, stay and abeyance is only
> appropriate when the district court

> determines there was good cause for the
> petitioner's failure to exhaust his claims
> first in state court. Moreover, even if a
> petitioner had good cause for that failure,
> the district court would abuse its
> discretion if it were to grant him a stay
> when his unexhausted claims are plainly
> meritless.

*Rhines*, 544 U.S. at 277.

The information provided by Craig indicates that he appealed his conviction but did not seek certiorari in the Alabama Supreme Court (Doc. 4, pp. 3-4). Petitioner also sought collateral relief by way of a Rule 32 Petition which was also denied in the State Courts (Doc. 4, pp. 4-5).

The Court notes that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

Craig's argument for staying this action is that he does not want to be denied the opportunity to have his unexhausted claim dismissed in a later federal habeas petition as successive

3

(Doc. 4). The Court finds no merit in this argument as the dismissal of this petition would mean that the next petition would be Craig's first federal habeas petition on this conviction.

Therefore, it is recommended that Petitioner's Motion to Dismiss Unexhausted Claims and to Hold Petition in Abeyance be denied (Doc. 20) and that this action be dismissed, without prejudice, so that Petitioner may exhaust State Court remedies relevant to this action.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the

4

underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'").  Inasmuch as Craig has not exhausted all of his claims in the state courts of Alabama and this Court must dismiss all of his constitutional claims to allow him to return to state court to exhaust his state remedies as to his unexhausted claims, *see Jimenez v. Florida Dept. of Corrections*, 481 F.3d 1337, 1342 (11th Cir.) ("If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims."), *cert. denied sub nom. Jimenez v. McDonough*, 552 U.S. 1029 (2007), a reasonable

jurist could not conclude either that this Court is in error in dismissing the instant petition or that Craig should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that the Court find that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.**Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for

challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 25th day of May, 2011.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE